NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAVI SHARMA,

Petitioner,

v.

OFFICE OF THE CHIEF
ADMINISTRATIVE HEARING
OFFICER, Nominal Respondent; LATTICE
SEMICONDUCTOR CORPORATION,

Respondents.

No. 24-5507

OCAHO Case No. 19B00048
Office of the Chief Administrative
Hearing Officer

MEMORANDUM[*]

On Petition for Review of an Order of the
Office of the Chief Administrative Hearing Officer

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Ravi Sharma petitions pro se for review of the Office of the Chief

Administrative Hearing Officer's summary decisions in Sharma's administrative

action alleging that Lattice Semiconductor Corporation discriminated against him

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on the basis of citizenship status in violation of the Immigration Reform and Control Act ("IRCA"), 8 U.S.C. § 1324b. We have jurisdiction under 8 U.S.C. § 1324b(i)(1). We review de novo the Administrative Law Judge's ("ALJ") conclusions of law, and for substantial evidence the ALJ's findings of fact. *Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir. 1989). We deny the petition for review.

The ALJ properly granted summary decision for Lattice Semiconductor Corporation as to both of Sharma's citizenship-status discrimination claims because Sharma failed to raise a genuine dispute of material fact as to whether the company's legitimate and nondiscriminatory reasons for not hiring him for two positions were pretextual. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640-42 (9th Cir. 2004) (setting forth the *McDonnell Douglas* burden-shifting framework and explaining that to show pretext using circumstantial evidence, "a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer's motives"); *see also Zajradhara v. Ranni's Corp.*, 16 OCAHO No. 1426h, 26 (Sep. 19, 2024) (applying the *McDonnell Douglas* framework to analyze claims under the IRCA).

We do not consider issues raised for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**